UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DAVID W. SIMPKINS and LOIS B. SIMPKINS,<br><br>Debtors. | Case No. 22-19095 (JNP)<br><br>Chapter 7 |
| DOUGLAS STANGER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>CEDAR FARMS CO., INC.,<br><br>Defendant. | Adv. Pro. No. 24-01559 |

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Douglas Stanger, the Chapter 7 Trustee (the "Trustee"), filed an adversary complaint (the "Complaint") against Cedar Farms Co. Inc. ("Defendant") seeking to avoid Defendant's lien against the real property located at 825 West Liebig Avenue, Egg Harbor City, New Jersey (the "Property"). After Defendant filed an answer, the Trustee filed a Motion for Summary Judgment (the "Motion"). Defendant filed a response to the Motion (the "Response") objecting to summary judgment, and the Trustee replied. The parties presented argument at a hearing on November 12, 2024. For the reasons discussed below, the Motion will be granted.

### Background

The following facts are undisputed. As of the Petition Date the Debtors owned the Property. Before the Petition Date, Defendant obtained a default judgment against the Debtors in the Superior Court of New Jersey, Atlantic County (the "Judgment"). The Judgment was recorded as

a lien against the Property (the "Judgment Lien"), but the Sheriff never levied on the Property on behalf of Defendant. The Trustee sold the Property and is holding the proceeds of the sale pending the outcome of this adversary proceeding.

Defendant alleges the following information in its Statement of Disputed Material Facts which, for the reasons discussed below, are immaterial to this decision: (1) the Debtors did not have an extension of credit agreement with Defendant; (2) the Debtors' company, DL Provisions, did not have an extension of credit agreement with Defendant; (3) the secured proof of claim filed by Defendant is based upon a perfected judgment lien and not a voluntary extension of credit; (4) 11 U.S.C. § 544(a)(2) is not applicable in this matter due to the nature of the claim.

## Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and (b). Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and (K).

## Discussion

The Trustee filed the Complaint to establish the extent, validity, and priority of Defendant's claim or interest in the Property. The Motion asserts that because Defendant did not levy on the Property, the Judgment Lien is unperfected, and, pursuant to the strong-arm powers in section 544 of the Bankruptcy Code, the Trustee may avoid the Judgment Lien. Defendant argues that: (1) its lien only needs to be recorded, not executed, to be valid, and (2) section 544 does not apply because Defendant did not extend credit to the Debtors.

A. <u>Summary Judgment Standard</u>

Under Rule 56(a), made applicable by Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to

2

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Movant may assert that a fact is not genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c). Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In deciding a motion for summary judgment, the judge's function is not to weigh the evidence and determine the truth of the matter, but rather to determine if there is a genuine issue for trial." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. "[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F. Supp. 2d. 394, 405 (D.N.J. 2000) (internal quotation marks omitted) (quoting Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1315 (8th Cir. 1990)); In re Moran-Hernandez, 2016 WL 423705, at *2–3 (Bankr. D.N.J. Feb. 2, 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." Id. "A dispute is genuine when it is 'triable,' that is, when reasonable minds could disagree on the result." Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party. A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. Id. (citing FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon

the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial")); see also Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

Here, the Motion seeks summary judgment under section 544 of the Bankruptcy Code. Thus, the Court must consider the elements of the Trustee's avoidance claim to determine whether it is entitled to judgment as a matter of law.

### B. Section 544 Strong-Arm Powers

Section 544 of the Bankruptcy Code provides a trustee with certain "strong arm powers," and states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). In other words, under section 544, a trustee steps into the shoes of a hypothetical (1) judgment lien creditor, (2) unsatisfied execution creditor, or (3) bona fide

4

purchaser for value with respect to real property, and he may exercise the rights and avoidance powers of such a creditor in that position as of the petition date. See In re Bridge, 18 F.3d 195, 199 (3d Cir. 1994).

In determining property rights in bankruptcy, courts look to applicable state law. See United States v. Butner, 440 U.S. 48, 54 (1979). "Under New Jersey law, a recorded judgment becomes an unperfected lien against all real property owned or thereafter acquired by the debtor in the local vicinage; only after it is docketed by the Clerk of Court in Trenton does it become a statewide judgment lien." In re Catalano, 643 B.R. 555, 561–62 (Bankr. D.N.J. 2022) (citing N.J.S.A. 2A:16-1, 16-11; Brescher v. Gern, Dunetz, Davison & Weinstein, P.C., 245 N.J. Super. 365, 373 (App. Div. 1991)); In re Aluminum Shapes, L.L.C., 2022 WL 1316205, at *2 (Bankr. D.N.J. May 2, 2022). "[T]o perfect a judgment lien, a creditor must levy upon the debtor's property." Catalano, 643 B.R. at 562 (citing In re Flores, 2011 WL 44910, at *2 (Bankr. D.N.J. Jan. 6, 2011)); Aluminum Shapes, 2022 WL 1316205, at *2. Further, "[a] creditor holding an unexecuted levy on real property is a lower priority creditor than one who has already executed upon its lien, even if such execution remains unsatisfied and even if such creditor does not actually exist." Aluminum Shapes, 2022 WL 1316205, at *2 (In re Mariano, 339 B.R. 344, 347–48 (Bankr. D.N.J. 2006); In re Bobilin, 83 B.R. 258, 261 (Bankr. D.N.J. 1988)).

Defendant asserts that "it was not required to levy to maintain a lien against the Property." Response at 8. While this is true, Defendant conflates the requirements to create a lien with the requirements to perfect a lien. Defendant appears to have a lien against the Property by virtue of the Judgment, but it did not levy against the Property. Therefore, under New Jersey law, the Judgment Lien is unperfected. Because the Trustee stands in the shoes of a hypothetical execution creditor as of the Petition Date, he sits at a higher priority than Defendant and may avoid the Judgment Lien.

Defendant argues that section 544 is inapplicable here because "Defendant never extended credit to the Debtor or the Debtors' company." Response at 9. However, Defendant misconstrues section 544. Defendant reads the statute as describing three types of creditors that may have their liens avoided by a trustee. This is incorrect. Rather, the section 544 describes three types of creditors that a trustee hypothetically becomes in order to avoid other creditors' liens.

Here, the Trustee has stepped into the shoes of an unsatisfied execution creditor pursuant to section 544(a)(2). As a hypothetical perfected lienholder, the Trustee has priority over Defendant under New Jersey law and may avoid Defendant's unperfected Judgment Lien pursuant to section 544. For these reasons, Defendant's allegations that it did not extend credit to the Debtors or their business are not material facts that would require the Court to deny the Motion.[1]

### Conclusion

Because it is undisputed that Defendant did not levy on the Property, the Trustee may avoid Defendant's unperfected Judgment Lien pursuant to section 544(a) of the Bankruptcy Code. Therefore, the Motion is granted.

Dated: November 18, 2024

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

---

[1] Paragraphs three and four of Defendant's Statement of Disputed Material Facts are based upon incorrect legal conclusions under New Jersey law.